# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN GREEN, | Civil No. 3:16-cv-2367 |
| Plaintiff | (Judge Mariani) |
| v. | |
| CAPTAIN KLINEFETTER, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Kevin Green ("Green"), an inmate housed at the Benner Township State Correctional Institution, Bellefonte, Pennsylvania, ("SCI-Benner Township"), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Kissell, Ellenberger, Nixon, Salamon, Rossman, Graham, Ferguson, Dupont, and Klinefelter.[1] (Id. at p. 4). Presently pending before the Court is Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). For the reasons set forth below, the Court will grant the motion.

## I. Motion to Dismiss Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

---

[1] The instant motion to dismiss is not filed on behalf of Defendant Klinefelter.

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

2

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Allegations of the Complaint

In December 2015, Patricia McDuffie visited Green at SCI-Benner Township. (Doc. 1, p. 3). Defendants Klinefelter, Kissell, and Nixon allegedly detained Green following the visit based on a belief that Ms. McDuffie smuggled Suboxone into the prison and provided it to Green. (*Id.* at pp. 3, 5). Green alleges that Defendants Klinefelter, Kissell, and Nixon cuffed him to a bed in a Psychiatric Observation Cell for 96 hours, and forced him to eat food laced with laxatives and x-rayed him, in an attempt to locate evidence of Suboxone. (*Id.*).

3

Green alleges that Defendants Kissell and Nixon then fabricated a misconduct report against him by stating that Ms. McDuffie admitted to smuggling Suboxone into the prison and giving it to Green. (Doc. 1, p. 5). Defendant hearing examiner Ellenberger ultimately found Green guilty of misconduct for possessing contraband (i.e., the Suboxone), despite no positive laboratory tests for Suboxone or actual Suboxone being found. (Id. at pp. 5-6). Defendant Ellenberger sanctioned Green with disciplinary custody and loss of visiting privileges. (Id. at p. 6). Green appealed the guilty finding. (Id.). Throughout the appeal process, Defendants Dupont, Ferguson, Salamon, Graham, and Rossman upheld the finding of guilt. (Id.).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Personal Involvement Claim against Defendants Dupont, Ferguson, Salamon, Graham, and Rossman

Defendants Dupont, Ferguson, Salamon, Graham, and Rossman argue that Green fails to state a claim against them because they lack personal involvement in the alleged wrongs. (Doc. 14, pp. 5-6). The Court finds merit in this argument.

Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal

5

involvement. *Rode*, 845 F.2d at 1208.

The only claims against Defendants Dupont, Ferguson, Salamon, Graham, and Rossman pertain to their roles in the grievance appeal process. Green alleges that they incorrectly upheld the finding of guilt imposed by Defendant Ellenberger. A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. *See Rode*, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *see also Croom v. Wagner*, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pennsylvania Dept. of Corrections*, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Consequently, the complaint against Defendants Dupont, Ferguson, Salamon, Graham, and Rossman is subject to dismissal.

**B.     Claims against Defendant Ellenberger**

*1.     Due Process Claim*

Green alleges that his due process rights were violated in the context of the disciplinary hearing. The Fourteenth Amendment of the United States Constitution provides in pertinent part that: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. XIV. The filing of a false disciplinary misconduct alone does not violate a prisoner's constitutional rights, even if it may result in the deprivation of a protected liberty interest. *See Hutchinson v. Kosakowski*, 2015 WL 3737656, at *4 (M.D. Pa. June 15, 2015) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). However, inmates must be provided due process of law prior to being deprived of a protected liberty interest. *Id.* Accordingly, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Id.* (citing *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002); *Freeman*, 808 F.2d at 953).

The fact that Defendant Ellenberger found Green guilty at a misconduct hearing is not in itself a due process violation. Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff*, the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied

7

on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Because Green did not suffer a loss of good conduct time, the *Wolff* protections are inapplicable.

Moreover, the Due Process Clause does not provide protection against the imposition of discipline, including disciplinary confinement and the loss of various privileges inasmuch as these other forms of discipline do not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. *Sandin*, 515 U.S. at 486; *see Griffin v. Vaughn*, 112 F.3d 703, 706-07 (3d Cir. 1997). Because Green's 180 days of disciplinary confinement and 90 days loss of visiting privileges did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, his due process claim arising out of disciplinary proceedings will be dismissed.

### 2. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S.

CONST. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection claim, a plaintiff must allege that: (1) he or she was a member of a protected class, (2) he or she was treated differently from similarly situated persons outside of his or her protected class, and (3) the resultant discrimination was purposeful or intentional rather than incidental. *Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 423-24 (3d Cir. 2000).

An equal protection claim can also be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Williams v. Morton*, 343 F.3d 212, 221 (2003); *see also Jean-Pierre v. Bureau of Prisons*, 497 F. App'x 164, 168 (3d Cir. 2012). If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest. *See Tillman*, 221 F.3d at 423.

Green seemingly asserts that Defendant Ellenberger violated his right to equal protection because he was found guilty of a misconduct charge. Green does not state that he is a member of a protected class. Indeed, prisoners are not a protected class of individuals. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class). Therefore, Green's claim survives only if he has properly stated a violation of his equal protection rights under a class-of-one theory. To

9

survive under the class-of-one theory, Green must allege facts showing that he has been treated differently from similarly situated inmates, that the defendants did so intentionally, and that this difference in treatment bears no rational relation to any legitimate penological interest. *Phillips*, 515 F.3d at 243. When alleging the existence of similarly situated individuals, plaintiffs "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not survive dismissal. *Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (citing *Evancho*, 423 F.3d at 354-55); *see also Twombly*, 550 U.S. at 561 (requiring more than a "wholly conclusory statement of claim" to survive a motion to dismiss). Instead, plaintiffs must identify similarly situated individuals and allege "occasions or circumstances" of differential treatment. *Young*, 160 F. App'x at 266; *see also Twombly*, 550 U.S. at 563 (requiring a plaintiff to plead a set of facts consistent with legal allegations in complaint to survive dismissal).

In the complaint, Green generally alleges that his Equal Protection rights were violated. (Doc. 1, p. 5). Green identifies no other inmates who were similarly situated to him that were treated differently by Defendant Ellenberger. The allegations in the complaint are simply "bald assertions" that do not allege "occasions and circumstances" of differential treatment. *Young*, 160 F. App'x at 266. Because Green has not stated the existence of

10

similarly situated individuals sufficient to support a class-of-one claim, the Equal Protection claim will be dismissed.

### C. Claim against Defendants Nixon and Kissell for the Issuance of an Allegedly Fabricated Misconduct

Green alleges that Defendants Nixon and Kissell violated his constitutional rights by fabricating a misconduct report. (Doc. 1, p. 5). As stated *supra*, the filing a false misconduct report in itself does not violate an inmate's constitutional rights. See *Hutchinson*, 2015 WL 3737656. A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman*, 808 F.2d at 951. Inmates have the right not to be deprived of a protected liberty interest without due process of law. Thus, when a prisoner is provided due process, no constitutional violation results from being falsely accused of a misconduct. Green acknowledges that he received a hearing in relation to the misconduct charge. Due process protections attach in prison disciplinary proceedings when the inmate suffers a loss of good conduct time. Green was not sanctioned with the loss of good conduct time, and he does not have a liberty interest in remaining free from disciplinary confinement. Because Green was not deprived of a protected liberty interest, his challenge to the issuance of an allegedly false misconduct report is subject to dismissal.

11

## IV. Conclusion

Based on the foregoing, Defendants' motion (Doc. 13) to dismiss will be granted. A separate Order shall issue.

Date: August 7, 2017

Robert D. Mariani
United States District Judge