# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN GREEN, | : | Civil No. 3:16-cv-2367 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CAPTAIN KLINEFETTER, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

## I. Background

On November 28, 2016, Plaintiff Kevin Green ("Green"), an inmate housed at the Benner Township State Correctional Institution, Bellefonte, Pennsylvania, ("SCI-Benner Township"), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants were Kissell, Ellenberger, Nixon, Salamon, Rossman, Graham, Ferguson, Dupont, and Klinefetter. (*Id.* at p. 4). The allegations of the complaint stem from Patricia McDuffie's visit to Plaintiff SCI-Benner Township. (Doc. 1). Defendants allegedly detained Plaintiff following the visit based on a belief that Ms. McDuffie smuggled Suboxone into the prison and provided it to Plaintiff. (*Id.* at pp. 3, 5). Plaintiff alleges that Defendants cuffed him to a bed in a Psychiatric Observation Cell for 96 hours, and forced him to eat food laced with laxatives and x-rayed him, in an attempt to locate evidence of Suboxone. (*Id.*). Plaintiff alleges that Defendants then fabricated a misconduct report against him by stating that Ms. McDuffie admitted to smuggling Suboxone into the prison.

(*Id.* at p. 5). Plaintiff was ultimately found guilty of possessing contraband. (*Id.*).

By Memorandum and Order dated August 8, 2017, Defendants' partial motion to dismiss was granted and Defendants Dupont, Ferguson, Salamon, Graham, Rossman, and Ellenberger were dismissed as parties to this action. (Docs. 18, 19). Additionally, the Court dismissed Plaintiff's claims related to a fabricated misconduct created by Defendants Nixon and Kissel. (*Id.*). The Court then Ordered Defendants Nixon, Kissel, and Klinefetter to file an answer to the complaint or appropriate pretrial motion. (Doc. 19). On May 2, 2018, Defendants Nixon, Kissel, and Klinefetter filed an answer to the complaint. (Doc. 28).

On May 14, 2018, Plaintiff filed a motion for leave to amend/correct the complaint. (Doc. 30). In his motion, Plaintiff seeks leave to amend "the defects in his asserted pleadings." (*Id.*). For the reasons set forth below, the Court will deny Plaintiff's motion for leave to amend the complaint.

## II. <u>Discussion</u>

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

> whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend
> its pleading only with the opposing party's written consent or
> the court's leave. The court should freely give leave when
> justice so requires.

FED. R. CIV. P. 15(a).

Plaintiff's original complaint was filed on November 28, 2016. (Doc. 1). Defendants filed their Rule 12(b) partial motion to dismiss on January 31, 2017. (Doc. 13). Plaintiff's motion for leave to amend the complaint was not filed until May 14, 2018, (Doc. 30), clearly past the time period allotted for filing an amended complaint as a matter of course. Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. See FED. R. CIV. P. 15(a)(2).

A court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. See *Diaz v. Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)); see also *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). The court must

consider whether granting leave to amend the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

On October 9, 2018, Plaintiff submitted a proposed amended pleading for the Court's review. (Docs. 36-38). In the proposed amended pleading, Plaintiff essentially seeks reconsideration of the Court's Memorandum and Order granting Defendants' partial motion to dismiss. (Doc. 36). Plaintiff argues that the Court should not have dismissed certain Defendants and requests that the Court "reinstate[]" all Defendants. (*Id.* at p. 2). Plaintiff also seeks to impose new theories of liability against the dismissed Defendants, such as a conspiracy claim. (*Id.* at p. 6). Furthermore, Plaintiff sets forth new claims against additional individuals not named in the original complaint. Specifically, Plaintiff alleges that Officers Bonnell and Haines falsely reported that they witnessed an individual pass drugs to Plaintiff in the visiting room. (*Id.* at p. 5). Plaintiff also alleges that Officers Bruster and Ammall fabricated a misconduct report against him in July 2018. (*Id.* at p. 10). Lastly, Plaintiff alleges that Defendants violated the rights of his visitor, "Ms. P. McDuffie, as a 'free citizen.'" (*Id.* at pp. 2-6, 11). Plaintiff seeks punitive damages on behalf of Ms. McDuffie. (*Id.* at p. 11).

At this stage in the litigation, allowing Plaintiff leave to file an amended complaint against individuals who were previously dismissed from this action, and to introduce new claims against new individuals, would prejudice the Defendants. *See U.S. ex rel. Brown v. Merant Inc.*, 2002 WL 487160, *7 (E.D. Pa. March 29, 2002) (noting that the case was pending for more than two years, and that "[a] fourth complaint, when the litigation is at the summary judgment stage, would prejudice [the defendant] by forcing it to defend another claim . . . not within the Second Amended Complaint and embark anew on voluminous discovery."). Thus far, Defendants have filed a motion to dismiss, engaged in discovery, and requested leave of Court to conduct the deposition of Plaintiff. Allowing Plaintiff's amendment would result in additional discovery, cost, and preparation to defend against new theories. *See Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1202-03 (3d Cir.1989) (amendment seeking the addition of a new claim four days before close of discovery and one month before trial is unduly prejudicial to defendant); *see also* Wright & Miller, 6 *Federal Practice and Procedure*: Civil § 1487 ("[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.").

Moreover, Plaintiff has exhibited undue delay in seeking the amendment and has offered no explanation as to the delay. Plaintiff's motion to amend was filed approximately

eighteen months after the complaint was filed and the proposed pleading was filed nearly two years after the complaint was filed. The factual information and theories of the case were presumably known to Plaintiff at the time he filed the complaint. See Lorenz, 1 F.3d at 1414 (stating that a three year lapse between filing of the complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting the proposed second amended complaint where plaintiffs were re-pleading facts that could have been pled earlier).

With respect to Plaintiff's attempt to litigate this action on behalf of Ms. P. McDuffie, amendment of the complaint would be futile as Plaintiff lacks standing to pursue an action on behalf of this private individual. See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (explaining that prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights"). It is well-settled that "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, . . . , and futility.'" Shane, 213 F.3d at 115 (citations omitted). As such, Plaintiff's request to amend will be denied.

To the extent that Plaintiff seeks to supplement his complaint, Rule 15(d) governs submission of supplemental pleadings and provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented." FED. R. CIV. P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir.1979); *see also Moore's Federal Practice* 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleadings."). Thus, the purpose of the Rule "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Carl Zeiss Meditec v. Xoft, Inc.*, No. 10-308, 2011 U.S. Dist. LEX IS 36785, at *4 (D. Del. April 5, 2011) (citation omitted).

Decisions regarding motions to supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *See, e.g.*, *Bjorgung*, 550 F.3d 263; *Cureton*, 252 F.3d 267. Factors to be considered by the Court in making this determination are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile. *Hassoun v. Cimmino*, 126 F. Supp.2d 353, 360 (D.N.J. 2000); *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D.Pa. 1988). While supplemental complaints are not barred merely because they set forth new claims, "when the matters alleged in a supplemental pleading have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the

dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, *Federal Practice & Procedure*: Civil § 1506 at 551 (1971).

In the matter *sub judice*, proper exercise of the Court's discretion calls for denial of Plaintiff's request to supplement as certain claims raised in the proposed pleading bear no relation to the claims set forth in the original complaint, and joinder of the additional defendants will not promote judicial economy or the speedy resolution of the dispute. As stated *supra*, Plaintiff's proposed pleading sets forth new claims against dismissed Defendants and new claims against new individuals. The new claim alleges that Officers Bruster and Ammall fabricated a misconduct report against Plaintiff in July 2018. (Doc. 36, p. 10). This new claim arises out of events that occurred more than two years after the events alleged in Plaintiff's original complaint and are wholly unrelated to the fabricated misconduct claims in the original complaint. Consequently, the matter will proceed on the original complaint.[1]

A separate Order shall issue.

Date: January 2, 2019

Robert D. Mariani
United States District Judge

---

[1] To the extent that Plaintiff's proposed claims are unrelated to the instant action, there is little, if any, prejudice to Plaintiff in denying his motion so that he may pursue any unrelated claims in a new civil rights action, if he so chooses.